UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Cremeans

    v.                           Case No. 17-cv-572-SM

William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.

### REPORT AND RECOMMENDATION

Before the court is plaintiff Christopher Cremeans's motion to amend (Doc. No. 25) his complaint (Doc. No. 1) in this matter. Construed liberally in light of Cremeans's pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the motion to amend appears to seek leave to add a claim to this case alleging that defendants' implementation of PPD 7.09 runs afoul of a consent decree issued in a class action case in 1978, see Laaman v. Helgemoe, Civ. No. 75-cv-258 (D.N.H.), which related to the conditions of confinement at the New Hampshire State Prison. Defendants object to the motion to amend. See Doc. No. 27.

### Standard

As a general matter, under Rule 15(a) of the Federal Rules of Civil Procedure, "[l]eave to amend should be 'freely given . . . when justice so requires[,]' absent an apparent or declared

reason such as 'futility of amendment.'" Rife v. One West Bank, F.S.B., 873 F.3d 17, 20-21 (1st Cir. 2017) (citation omitted). A proposed amendment is futile if the claim at issue would be subject to dismissal.  If the factual allegations comprising the proposed claim, taken as true and with all reasonable inferences drawn in plaintiff's favor, would fail to state a claim upon which relief could be granted, id. at 21, or would comprise a claim that is not within the court's subject matter jurisdiction, a court may find a proposed amendment to be futile, see Muskat v. United States, 554 F.3d 183, 195-96 (1st Cir. 2009).

## Discussion

In his original complaint, Cremeans asserted claims alleging that the defendant prison officials in this case have violated his First and Fourteenth Amendment rights to familial association, due process, and equal protection, by denying him visits with his minor grandson.  Cremeans's original complaint also included claims that his federal constitutional rights were violated when he was denied those visits in contravention of the New Hampshire Department of Corrections ("DOC") Policy and Procedure Directive ("PPD") 7.09, which "establish[es] a policy and procedures for facilitating a safe, secure, orderly, manageable and pleasant visiting process for persons under [DOC]

custody with their family members and friends." PPD 7.09, I (Doc. No. 1, at 15).

That case was closed however, on July 6, 2001, when the Laaman court approved the parties' settlement agreement and stipulation of dismissal. See Laaman (ECF No. 523). The July 6, 2001 Order in Laaman terminated federal court jurisdiction over matters in that consent decree, and provided that the Laaman consent decree's terms, as modified by the settlement agreement, would be enforceable only in the state courts of New Hampshire. Id. This court therefore lacks original jurisdiction over claims arising out of an alleged violation of the Laaman Consent Decree. Cf. Dupont v. Dubois, 99 F.3d 1128, 1996 WL 649340, at *1 & n.3, 1996 U.S. App. LEXIS 29142, at *3 & n.3 (1st Cir. 1996) (unpublished table decision) (order to enforce federal consent decree or state court settlement agreement is unavailable in individual action under 42 U.S.C. § 1983). Supplemental jurisdiction over such claims is also not properly exercised here, claims of violations of Laaman agreement would raise issues regarding plaintiff's standing to seek relief and defendants' compliance that would be likely to substantially predominate over the remaining claims here. Cf. 28 U.S.C. § 1367(c)(2). Cremeans's proposed claims based on the Laaman case are thus subject to dismissal for lack of

jurisdiction, and, therefore, the district judge should deny the motion to amend as futile.

## Conclusion

For the foregoing reasons, the district judge should deny Cremeans's motion to amend (Doc. No. 25). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 18, 2019

cc: Christopher Cremeans, pro se
    Scott Edward Sakowski, Esq.